UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UDIS SANCHEZ MANALANSAN-LORD, )<br>)<br>Plaintiff,           )<br>)<br>vs.                )<br>)<br>UNITED STATES DEPARTMENT OF )<br> EDUCATION, et al.        )<br>)<br>Defendants.         ) | Case No. 4:19-CV-03086-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss (ECF No. 17) filed by the United States Department of Education (the "Department"). For the reasons set forth below, the motion will be granted and all claims against the Department dismissed.

## BACKGROUND

Plaintiff Udis Sanchez Manalansan-Lord, proceeding pro se, filed a complaint against the Department and a debt collection agency, Coast Professional, Inc., on November 13, 2019, alleging that both Defendants engaged in fraud, harassment, and other abusive practices in attempts to collect payments on Plaintiff's delinquent student loans, which Plaintiff claims were consolidated and discharged in bankruptcy on April 22, 1992, under her previous married name, Gertrudes M. Hyams. Plaintiff asserts that Defendants violated the Fair Debt Collection Practices Act (FDCPA) by repeatedly calling her at work and home and by threatening to take her house, even after she explained that her student loans were discharged in bankruptcy. Plaintiff alleges that

Defendants committed fraud by telling her that student loans cannot be discharged in a bankruptcy, by denying her applications for additional loans because she had exceeded the graduate student limit, and by garnishing her monthly wages to collect the debt. Plaintiff also contends that her loan consolidation contract with the Department is void due to duress.

In response, the Department filed the present motion to dismiss under Rules 12(b)(1) and (6) asserting that the Court lacks subject matter jurisdiction over Plaintiff's claims.  More specifically, the Department contends that (1) Plaintiff's FDCPA claim is barred by sovereign immunity, as was determined in an earlier suit between the parties (and thus also barred by res judicata); (2) Plaintiff's fraud claims, even if liberally construed to invoke the Federal Tort Claims Act (FTCA), are barred by non-exhaustion of administrative remedies and also by sovereign immunity; and (3) the Tucker Act does not confer jurisdiction on this Court to hear Plaintiff's contract claim in equity.

## DISCUSSION

### I.      Applicable Legal Principles

#### A.  Subject Matter Jurisdiction and Sovereign Immunity

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006).  The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case, and a lack of subject matter jurisdiction can be the basis for dismissal.  *See Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); Fed. R. Civ. P. 12(b)(1).  "Jurisdictional issues, whether they involve questions of law or fact, are for

the court to decide." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).  The

plaintiff has the burden of proving subject matter jurisdiction.  *V S Ltd. P'ship v. Dep't of*

*Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000)

　　"The United States, as sovereign, is immune from suit save as it consents to be

sued, and the terms of its consent to be sued in any court define that court's jurisdiction to

entertain the suit."  *Najbar v. United States,* 649 F.3d 868, 870 (8th Cir. 2011), *cert.*

*denied,* 566 U.S. 987 (2012) (quoting *United Stated v. Sherwood*, 312 U.S. 584, 586

(1941)).  A plaintiff is required to show "both a waiver of sovereign immunity and a

grant of subject matter jurisdiction."  *V S Ltd. P'ship*, 235 F.3d at 1112.  A waiver of

sovereign immunity must be "unequivocally expressed in statutory text" and is to be

"strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v. Pena*, 518

U.S. 187, 192 (1996).

## B.  Failure to State a Claim

　　For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The

reviewing court must accept the plaintiff's factual allegations as true and construe them

in the plaintiff's favor, but the court is not required to accept the legal conclusions the

plaintiff draws from the facts alleged.  *Id.*

### C.  Pro Se Complaints

"A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Although pro se complaints are construed "liberally," the complaint "must still allege sufficient facts to support the claims advanced."  *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019); *see Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law").  A court is not required to "divine the litigant's intent and create claims that are not clearly raised."  *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004).

## II.    FDCPA Claim

The Department asserts that Plaintiff's FDCPA claim should be dismissed because the Department has sovereign immunity and, moreover, the claim is precluded by res judicata in that this Court previously dismissed it for lack of jurisdiction in an earlier case involving the same facts and parties.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  However, the FDCPA definition of "debt collector" excludes the United States.  *See* 15 U.S.C. § 1692a(6)(C) ("debt collector" excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties").

As Plaintiff bears the burden of proving subject matter jurisdiction, she must show a waiver of the Government's sovereign immunity that is "unequivocally expressed in

statutory text." *See Lane*, 518 U.S. at 192; *see also V S Ltd. P'ship*, 235 F.3d at 1112. She cannot do so here. The FDCPA "does not contain an unequivocal and express waiver of sovereign immunity." *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007); *see Coburn v. Saul*, No. 4:19-cv-2705-DDN, 2020 WL 1275589, at *2 (E.D. Mo. Mar. 17, 2020). Indeed, this Court (J. Mummert) squarely concluded in 2008 that Plaintiff's FDCPA claim against the Department is barred by sovereign immunity. *See Manalansan-Lord v. Direct Loan Servicing Center, et al.*, No. 4:08cv0676 TCM, 2008 WL 4693410, at *2 (E.D. Mo. Oct. 22, 2008).[1] Although Plaintiff could have appealed the dismissal of her FDCPA claim in the earlier suit, she apparently did not do so.

Application of res judicata requires: (1) re-litigation of the same claim (2) between the same parties or their privies (3) in which a final judgment was rendered on the merits (4) by a court of competent jurisdiction. *See Wong v. Minnesota Dept. of Human Services*, 820 F.3d 922, 933 (8th Cir. 2016). "Although dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction." *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1103 (8th Cir. 2013) (discussing issue preclusion). So, while the third element of res judicata is not present, Plaintiff's FDCPA claim is nonetheless barred by broader principles of preclusion insofar as Plaintiff's current FDCPA claim rests "on the same jurisdictional basis" as her 2008 FDCPA claim, which was dismissed for lack of subject

---

[1]   Plaintiff argues in her responsive brief that sovereign immunity can be waived for "a well pled claim to remedy unconstitutional action by federal officials." But Plaintiff's present claim asserts a *statutory* violation of the FDCPA seeking monetary damages, not a well-pled constitutional violation.

matter jurisdiction.  *See Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373 (8th Cir. 1997).  Even were the Court to re-examine jurisdiction here, the Court would reach the same conclusion as Judge Mummert reached in 2008.  Either way, Plaintiff's FDCPA claim against the Department must be dismissed.

## III.    Fraud Claims

Next, the Department asserts that Plaintiff's fraud claims should be dismissed because she fails to identify a statutory or regulatory basis for relief and, moreover, even construing Plaintiff's pleadings liberally as an attempt to invoke the FTCA, she did not exhaust her administrative remedies, and the Department has sovereign immunity.

As a threshold matter, "a plaintiff who makes allegations based on fraud must state with particularity the circumstances constituting the fraud."  *E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012).  Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy Rule 9(b).  *Id.*  Instead, the complaint must set forth the "who, what, when, where, and how" surrounding the alleged fraud.  *Id.*  Plaintiff alleges that "defendants" committed fraud when "defendants told her that student loans cannot be discharged in a bankruptcy."  But the Court is unable to determine from the complaint *who* is alleged to have made the misrepresentations, or *when*.  Plaintiff also asserts an undefined claim of fraud on the basis that "on her final year towards her Juris Doctor of Law, she was denied student loan because defendant claimed that she had exceeded the amount allowed for graduate studies even though defendants know that this is a misrepresentation of material fact made knowingly to induce reliance."  Finally, Plaintiff alleges that defendants misrepresented a material fact

6

when they claimed she owed $490,085.71 in their garnishment proceedings.  But the basis of these alleged untruths is unclear and, again, the "when" is not specified.   Put simply, Plaintiff's factual allegations are not pleaded with sufficient particularity to satisfy Rule 9(b).

Even were the Court to accept the sufficiency of Plaintiff's allegations of fraud, such claims, generally sounding in tort, would fall under the FTCA,[2] and those claims against the Department are barred by sovereign immunity.  The FTCA provides "a limited waiver of the United States' sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court."  *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (citing *Molzof ex rel. Molzof v. United States*, 502 U.S. 301, 304 (1992).  For a federal district court to have jurisdiction over an FTCA claim, however, it must first be presented to the appropriate federal agency within two years of when the claim accrued.  *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009); *see* 28 U.S.C. §2675(a) (the claimant must first exhaust administrative remedies before bringing an action under the FTCA); *see also McNeil v. United States*, 508 U.S. 106, 112, 113 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process").

---

[2]    *See, e.g., Knight-Bey v. Bacon*, No. 8:19CV330, 2020 WL 1929075, at *3 (D. Neb. Apr. 21, 2020) (construing a pro se plaintiff's complaint to invoke the FTCA); 28 U.S.C. §§ 1346(b)(1)); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (allowing a pro se claim that generally gives the defendant "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved").

"Conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity," a lack of which can support claim dismissal "for want of subject matter jurisdiction." *Mader*, 654 F.3d at 808.  Here, Plaintiff has not even pleaded, much less demonstrated, timely administrative presentment and exhaustion meeting these prerequisites.

In her responsive brief, Plaintiff counters that she served both the Attorney General of the United States and the Department of Education in this action.  Plaintiff misunderstands the issue.  Administrative exhaustion requires a showing that the plaintiff first sought redress within the agency, and such redress was denied, *before* filing a complaint with the district court.  28 U.S.C.A. §2675(a).  While the Court does not doubt that Plaintiff had interactions with the Department prior to filing her complaint, Plaintiff has not shown that she timely followed the Department's internal appeal procedures before filing the present action.[3]

More importantly, in addition to the failure to exhaust, the Court agrees that sovereign immunity bars Plaintiff's fraud claims against the Department under the FTCA.  Claims arising out of "misrepresentation" and "deceit" are explicitly excluded from the FTCA waiver of sovereign immunity.  28 U.S.C. § 2680(h).  *Millbrook v. United States*, 569 U.S. 50, 52 (2013).

---

[3]     The Department does not offer a description of the procedures that Plaintiff should have followed, but it would appear that the two-year deadline for such action has long since expired on Plaintiff's FDCPA claims, which she also asserted in her 2008 lawsuit. Although the garnishment order is more recent (October 17, 2019), Plaintiff still bears the burden of demonstrating exhaustion and has not done so here.

Although Plaintiff argues in her responsive brief that sovereign immunity can be waived for "a well pled claim to remedy unconstitutional action by federal officials," Plaintiff's complaint can only liberally be inferred to state a statutory violation of the FTCA; it cannot be construed to state a well-pled constitutional violation.  Similarly, Plaintiff's argument that sovereign immunity is waived for the review of agency action pursuant to the Administrative Procedure Act is also unavailing insofar as 5 U.S.C. §702 specifically excepts suits for money damages, which Plaintiff seeks here.

Thus, even liberally construing Plaintiff's fraud claims, the Court must conclude that they cannot survive dismissal for lack of subject matter jurisdiction.

## IV.    Contract Claim

Finally, the Department asserts that Plaintiff's contract claim, too, should be dismissed for lack of subject matter jurisdiction.  The U.S. Court of Federal Claims has jurisdiction over "any claim against the United States founded … upon any express or implied contract with the United States."  28 U.S.C. § 1491(a)(1).  District courts have "concurrent" jurisdiction with the U.S. Court of Federal Claims over claims "not exceeding $10,000 in amount, founded … upon any express or implied contract with the United States."  28 U.S.C. § 1346(a)(2).  However, this concurrent district court jurisdiction "does not extend to any suit which could not be maintained in the Court of Claims," including "suits for equitable relief against the United States."  *Richardson v. Morris*, 409 U.S. 464, 465 (1973); *V S Ltd. P'ship*, 235 F.3d at 1112 (stating that district courts do not have concurrent jurisdiction over all equitable claims).

In her contract claim, Plaintiff asserts that she signed a loan consolidation contract with the Department under duress, specifically in that a Department debt collector threatened to take her house if she refused to sign the contract.  As this claim arises from an "express or implied contract with the United States," the Court of Federal Claims has jurisdiction over the claim.  *See* 28 U.S.C. § 1491(a)(1).  Thus, the question becomes whether this Court has "concurrent" jurisdiction.  *See* 28 U.S.C. § 1346(a)(2).  The Court concludes that it does not.

First, the subject involved $14,330.77, which exceeds the concurrent jurisdiction maximum contract amount of $10,000.  Second, voiding a contract due to duress is a purely equitable remedy outside the jurisdiction of the Court of Federal Claims. Although the Tucker Act largely limits the Court of Federal Claims to awarding monetary damages, it does not confer concurrent jurisdiction over equitable claims in the district courts.  *V S Ltd. P'ship*, 235 F.3d at 1112.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's contract claim, which therefore must be dismissed.

## CONCLUSION

As a matter of law, this Court lacks subject matter jurisdiction over Plaintiff's claims against the Department and therefore must dismiss those claims.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's

claims against the Department of Education is **GRANTED**.  ECF No. 17.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2020.